

5335 WISCONSIN AVE, NW
SUITE 440
WASHINGTON, DC 20015
TELEPHONE 202.463.1818
TELEFAX 202.463.2999
www.HNKlaw.com
attorneys@HNKlaw.com

July 14, 2025

Hon. Jeannette A. Vargas
United States District Court, Southern District of New York
Daniel Patrick Moynihan, United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      RE:    <u>Kesner, et al. v. The Palestinian Authority, et al.</u>, 1:18-cv-12238-JAV

Dear Judge Vargas:

In accordance with this Court's July 1, 2025 Order, the undersigned submits this Joint Status Report ("JSR") providing a status update to the Court with separate position statements as the parties were unable to agree on a joint submission.

<u>Plaintiffs' Position:</u>

This matter has been stayed pursuant to an order of this Court pending the outcome of the duplicative related matter *Klieman v. Palestinian Authority*, 1:04-cv-01173-PLF (D.D.C.) in the United States District Court for the District of Columbia ("*Klieman I*"). ECF 49.

On June 27, 2025, in the Joint Status Report filed in this matter, the parties reported to the Court: "the parties agree that this case should be stayed only until they have notified the *Klieman I* court that they **intend to litigate only non-jurisdictional and non-venue issues**." (emphasis added). (June 27 Status Report, ECF 48. The parties also advised the court that "[o]nce the *Klieman I* Court has been notified of the foregoing; Plaintiffs will expeditiously move to dismiss this matter and proceed with their claims in *Kleiman I*." *Id.* On July 1, 2025, the Court ordered that the stay in this matter remain in effect and that the parties were to file a further joint status report on July 14, 2025. ECF 49.

On July 7, 2025, the parties filed a joint status report in *Klieman I* regarding the Supreme Court's decision. ("*Klieman* July 7 Status Report'). A copy of the *Klieman* July 7 Status Report is attached hereto as Exhibit A. As the parties were unable to reach an agreement on their positions in a single submission, the *Klieman* July 7 Status Report contained a "Plaintiffs Position Statement" and "Defendants Position Statement". Therein, the Defendants advised the *Klieman I* court "**that, in an effort to move for summary judgment**, they will not contest jurisdiction under the [PSJVTA] or venue" in *Klieman I*. (emphasis added). *Klieman* Joint Status Report at 3. The *Klieman I* Court ordered the parties to file a further Joint Status Report on August 6, 2025.

MEMBERS OF THE FIRM ARE
LICENSED TO PRACTICE IN VARIOUS JURISDICTIONS INCLUDING:

DISTRICT OF COLUMBIA· INDIANA· KENTUCKY· MARYLAND· MISSOURI· NEW JERSEY· NEW YORK· WYOMING

In meeting and conferring on the Joint Status Report ordered by this Court to be filed today, the Plaintiffs prepared a draft Joint Status Report together with a draft Stipulation of Dismissal. During the meet and confer for today's filing, Defendants have refused to accept this statement in the language for the JSR: "they intend to litigate only non-jurisdictional and non-venue issues" in *Klieman I*.

Because Defendants refuse to state that they intend to litigate only non-jurisdictional and non-venue issues in *Klieman I*, Plaintiffs are unable to stipulate to a dismissal in this matter.

Accordingly, Plaintiffs request that this Court continue to stay this matter until the Defendants agree that they will not contest jurisdiction under the PSJVTA or venue in *Klieman I*. Once the Defendants do so, the Plaintiffs will expeditiously move to dismiss this matter and proceed with their claims in *Klieman I* as the parties jointly reported to the Court in their June 27, 2025 Status Report.

Defendants' Position:

Without dispute, this action duplicates at least one other pending lawsuit, *Klieman I*. *See Kesner* Joint Status Letter of June 27, 2025 (ECF 48), at 1 (acknowledging that the two actions are "duplicative"). Equally without dispute, *Klieman I* is the earlier-filed action. Still further, it is undisputed that *Klieman I* is now going forward following the Supreme Court's decision in *Fuld*, as reflected in the *Klieman I* parties' Joint Status Report of July 7, 2025 and the *Klieman I* court's ensuing Order of the same date (attached hereto as Exhibits A and B, respectively).

Given these circumstances, there is no reason why the duplicative *Kesner* action needs to remain pending or stayed. Plaintiffs' reluctance to dismiss apparently centers on a misreading of the relevant *Klieman I* submissions. Defendants made clear in the *Klieman I* Joint Status Report (see attached Exhibit A, at 3) that, in view of the fully developed factual record in that case, "Defendants plan to move for summary judgment on the merits and, to facilitate such disposition, will not contest jurisdiction under the PSJVTA or venue in this matter." The subsequent Order of the *Klieman I* court (see attached Exhibit B, at 2) noted that "defendants have represented that, in an effort to move for summary judgment, they will not contest jurisdiction under the [PSJVTA], or venue."

Plaintiffs' professed concerns about that language are misplaced, and their insistence on alternative language appears aimed at affecting proceedings in *Klieman I*, including Plaintiffs' desire for additional merits discovery in *Klieman I* as they communicated to us during the meet and confer process—an issue that is entirely inappropriate for debate in this Court.

This Court of course has discretion to retain this case on its docket and to keep it stayed during the remainder of proceedings in *Klieman I*. Defendants submit that the better approach is to free up this Court's docket and dismiss *Kesner*—as Plaintiffs had promised to do voluntarily—now that *Klieman I* will resume proceedings on the merits. Either way, Plaintiffs cannot insist on language in a joint submission to this Court that seeks to affect the course of proceedings in *Klieman I*.

\*    \*    \*    \*    \*

Page 2

Respectfully submitted,

HEIDEMAN NUDELMAN& KALIK, P.C.

By:
    Noel J. Nudelman

Enclosure

cc: All Counsel of Record (via ECF)

Page 3